IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK MCCLARY, <br><br> Petitioner, <br><br> v. <br><br> JON D. FISHER, et al., <br><br> Respondents. | CIVIL ACTION <br> NO. 13-4938 |

## MEMORANDUM

**SCHMEHL, J.  /s/JLS**                                                                                   May 27, 2016

As set forth in the accompanying order, the Court approves and adopts the report and recommendation of United States Magistrate Judge Marilyn Heffley. This short memorandum opinion addresses Petitioner's objections to that report and recommendation, none of which present any reason to vary from Judge Heffley's conclusions.

Objection 1

Petitioner first objects to the magistrate's main finding, that the instant petition is untimely. As he did in his earlier filings, Petitioner appears to agree that, as of May 29, 2013, he had 27 days remaining to file his petition. It was ultimately submitted August 16, 2013, untimely on its face. His disagreement concerns the magistrate's assessment of his alleged attempt to file the petition by handing it to his block guard on June 11, 2013, accompanied by cash slips for the payment of postage and the filing fee from his prisoner account. He takes issue with the magistrate's statement that "[t]he cash slips do not

indicate with any certainty what was copied, whether McClary placed five copies of his petition in the envelope, or how he addressed the envelope." Petitioner argues that the cash slips, his declaration, and his account statement (which shows a debit for substantial postage and copying at that time) are sufficient to indicate he mailed the necessary copies of his petition.

      This point is irrelevant because, as the magistrate noted, Petitioner learned that the filing had not reached the court when he received a letter from the Clerk's office, which by his own statement he received "on or about June 23, 2013." By June 11, Petitioner had used up 13 of his remaining 27 days from May 29, so even if we toll the period of the failed mailing, that leaves him 14 further days from when he learned of the problem on June 23 to try to file his petition again, but he did not do it until August 16.

      Petitioner further argues that he has sufficiently demonstrated diligence in attempting to file again during that period and that extraordinary circumstances stood in his way because he was disrupted by a transfer from SCI Forrest to SCI Fayette and back again, and because he had to communicate by mail with his family to get a new copy of his petition for filing. But as the magistrate noted, Petitioner does not adequately explain why that process took so long or what diligent steps he took to see it through. Even assuming he could not make any efforts until he returned to SCI Forrest sometime in the first several days of July (he dates his transfer to SCI Fayette June 25 and his return "a week later"), he did not file his petition until well over a month later, obviously more than the 14 days he had left and longer than called for by reasonably diligent efforts to correspond with his family and get his petition filed. Although the petition's untimeliness is determinative of the matter, the Court will briefly address Petitioner's other objections.

Objection 2

Petitioner's second point concerns his claim that trial counsel was ineffective for not moving to suppress his statement to police. He objects to the magistrate's agreement with Respondents that "this claim was properly rejected by the state courts and is meritless," arguing that the Pennsylvania Superior Court misconstrued this claim so it was never properly addressed and rejected in state court. First, this argument does not actually challenge the magistrate's secondary conclusion that the claim is simply meritless, a conclusion with which the Court agrees for the reasons stated in the report and recommendation. Moreover, Petitioner is incorrect that the state court misperceived his claim as one of state law and failed to address his constitutional argument. It is his "constitutional claim raised on appeal under Miranda" that petitioner argues the state court did not address, but that is obviously the substance of the state court's analysis; the fact that the claim was analyzed through the lens of state court decisions concerning the application of *Miranda* does not mean the court misconstrued the claim as a state law violation.

The state court does not appear to have addressed Petitioner's specific argument that his *Miranda* waiver was invalidated by the police's deceptive tactics. The magistrate, however, did address the deceptive tactics issue, and not strictly through deference to the state court ruling, but through her own analysis. She noted that the claim is procedurally defaulted (perhaps because the deception issue was not raised in either the initial or the supplemental PCRA petition, though petitioner did raise it in the concise statement for his

3

PCRA appeal), but also that it is meritless.[1] *See* Report and Recommendation at 16 n.11. The magistrate correctly analyzed precedent that holds such tactics, including withholding the full nature of the investigation, permissible under the Constitution. Additional case law only strengthens that conclusion. *See Colorado v. Spring*, 479 U.S. 564, 575-77 (1987) (holding a *Miranda* waiver valid where law enforcement, questioning a suspect about firearms offenses, did not warn him they would also be asking about a murder); *United States v. Farley*, 607 F.3d 1294, 1327-30 (11th Cir. 2010) (holding that even affirmative deception about the scope of an interrogation is permissible because it affects only the wisdom of waiving rights, not a suspect's understanding of the nature of those rights).

Objection 3

Petitioner's next objection also relates to the claim of police deception in his interrogation. Here he objects to the magistrate's statement that he has not offered "'clear and convincing' evidence to challenge the State Court's reasoning" on this point, arguing that he could not provide such evidence because he was denied an evidentiary hearing. But as explained above, the deception he alleges is permissible. Because of that, amassing evidence of the allegations would be pointless, and his allegations did not warrant an evidentiary hearing. And the state court's failure to hold an evidentiary hearing does not fall within the claims raised here, which relate to ineffective assistance of counsel.

---

[1] In that discussion, Judge Heffley apparently meant to cite N.T. 10/18/2007 at 222-44, not 12/1/201.

Objection 4

This objection continues to attack the issue of deception in Petitioner's interrogation. Here he objects to the magistrate's finding, noted above, that the claim of deception in the interrogation is procedurally defaulted. As also noted above, the point is inconsequential because the claim is meritless. In any event, although the magistrate did not elaborate on her conclusion that the claim was procedurally defaulted, Petitioner does not challenge that determination directly; instead he merely claims that the cause and prejudice exception to procedural default should apply. There is no prejudice here because the alleged deception was permissible; bringing it up at trial or during PCRA proceedings could not have helped Petitioner. He cannot be prejudiced by his counsel's failure to make a meritless argument.

Objection 5

This objection concerns Petitioner's claim that counsel was ineffective for failure to call as witnesses Darnell McCain and Earl McClary. The PCRA court held a hearing at which Petitioner's trial counsel testified that he had investigated all witnesses Petitioner had identified and that Petitioner had never identified these witnesses. The PCRA court found this testimony credible, and found Petitioner's testimony that he had in fact told trial counsel about these additional witnesses not credible. Petitioner notes that trial counsel refreshed his recollection of the witnesses Petitioner had told him about from a list in his files, and that trial counsel further stated that the names on the list were those he interviewed; therefore, according to Petitioner, the only reason counsel did not recall Petitioner giving him the additional names is because he failed to interview them, the

5

very failure of which Petitioner complains.[2] But given the state court's clear statement that trial counsel was credible and had a solid recollection of the case, pointing out that counsel referred to notes is not nearly sufficient to rebut the strong presumption that the state court's factual determinations were correct.

Objection 6

The final objection concerns Petitioner's claim that trial counsel was ineffective for failure to call as a witness Andrew Briggs. Because Petitioner did not call Briggs at the PCRA hearing or raise this issue in his *pro se* appeal from those proceedings, it is procedurally defaulted unless PCRA counsel's failure to pursue it at the PCRA hearing constituted ineffective assistance. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). In conducting the *Martinez* analysis, the magistrate noted that PCRA counsel stated on the record that he was not going to offer testimony from Briggs, which shows counsel was aware of Briggs and chose not to call him. Under the strong presumption of *Strickland v. Washington*, 466 U.S. 668, 689 (1984), the magistrate correctly presumed that counsel's choice was reasonable. Petitioner claims the *Strickland* presumption should only apply if PCRA counsel's statement gave some indication that there was a reasonable strategy behind the choice. But Petitioner misunderstands the nature of a presumption, as well as the strength of this particular presumption. We must assume counsel's decision was reasonable based on the mere act of making the decision, and we need not know of any particular reason; instead we "affirmatively entertain the range of *possible* reasons

---

[2] Petitioner also argues at length about trial counsel's alleged reliance on Petitioner's mother to help identify and locate witnesses, but that point has little or nothing to do with the magistrate's agreement with the state court that counsel did not know about the witnesses at issue and that calling them would not likely have affected the outcome of trial.

6

[Petitioner's] counsel may have had for proceeding as they did." *See Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (emphasis added) (internal quotation marks omitted).

For the above reasons, along with the reasoning set forth in Judge Heffley's report and recommendation, Petitioner's objections do not affect this Court's decision to adopt that report and recommendation and deny the petition.